ABEGGLEN v. BURNHAM.

No. 1909.

United States District Court
D. Utah. C. D.

Dec. 1, 1950.

Grover A. Giles, Arthur H. Nielsen, Salt Lake City, Utah, for plaintiff.

J. D. Skeen, Salt Lake City, Utah, for defendants.

RITTER, District Judge.

A judgment for the recovery of money was obtained in the United States District Court for the District of Idaho, which was filed July 3, 1950 in that district. The judgment was assigned and the assignee sought to register his judgment in the United States District Court for the District of Utah, and filed it with the clerk of this court on October 20, 1950.

Defendants therein filed their petition for an order to show cause why the registration of the judgment should not be stricken from the records of this court, and the execution issued thereon quashed and for an order staying the proceedings. The order to stay the proceedings was granted pending a hearing. Attorneys for the assignee of the plaintiff filed their motion to vacate the order staying the proceedings and to dismiss defendants' petition.

The matter coming on for hearing on the 31st day of October, 1950, the court heard arguments of counsel and denied the motion of the assignee of the plaintiff to dismiss defendants' petition, to vacate the order. And, it was ordered that the judgment be stricken from the records of this court and the execution issued thereon quashed, and all further proceedings upon it stayed.

The judgment was registered pursuant to U.S.C.A. Title 28, § 1963, which declares: "A judgment in an action for the recovery of money or property entered in any district court which has become final by appeal or expiration of time for appeal may be registered in any other district by filing therein a certified copy of such judgment. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner."

An appeal from the judgment of the United States District Court for the District of Idaho is pending in the Court of Appeals for the 9th Circuit. No supersedeas bond had been filed at the date of the proceedings herein.

The section in question is relied upon to permit the judgment to be registered.

The language of the forgoing section to be construed in this proceeding is "A judgment * * * which has become final by appeal or expiration of time for appeal may be registered." What is the meaning of the language "which has become final by appeal"? The plaintiff contends that "final by appeal" means that the judgment is final in the sense that it may be appealed from. The plaintiff further

486

contend that an execution might issue upon such judgment in the district where it was entered pending the appeal unless a supersedeas bond is posted. And he contends that Congress intended that such judgment might be registered in another district and an execution issue upon it here during the pendency of the appeal.

Plaintiff refers us to the revisors' notes to this section and points out that the section follows the recommendations of the Supreme Court's Advisory Committee on Federal Rules of Civil Procedure (1937) which included Rule 77. See Historical and Revision Notes to § 1963, U.S.C.A. Title 28.

Plaintiff points out the differences between Rule 77 and the Section in question, one of which is that Rule 77 expressly required that the judgment become final "through expiration * * * or by mandate on appeal". And, plaintiff contends that the differences in the language of Rule 77 and the Section in question indicates that Congress meant something different than what was expressed in Rule 77. Rule 77 refers to the judgment becoming final "by mandate on appeal". Hence, plaintiff says § 1963 and the language "final by appeal" means when it becomes final in the sense of being disposed of by the Appellate court.

Plaintiff urges that the first sentence of Rule 77 was not consistent with the second sentence. His point is that the second sentence provides that "like proceedings for its enforcement may be taken thereon in the court in which it is registered as if the judgment had been originally entered by that court". And he urges that in the court of original entry an execution would issue pending an appeal unless supersedeas bond is posted, which could not be true in the court of its registry under the first sentence because it may not be registered until after mandate from the Appellate court. So he says like proceedings for its enforcement may not be taken in the court in which it is registered. This argument assumes the result of the inquiry and does not help us. What Rule 77 meant was that after mandate on appeal like proceedings for its enforcement might be taken in the court of its registry. And it is the judgment of this court that § 1963 means the same thing. The language "final by appeal or expiration of time for appeal" is more abbreviated than in Rule 77, but was intended to convey the same thought. The phrase final by appeal should be given its ordinary, usual, and natural interpretation. The case is still pending until it is disposed of by the appeal and the judgment, in any ordinary sense, cannot be regarded as final until that time.

The construction which plaintiff asks us to place upon this section also would lead to conflicts and complications between the various districts and circuits. In this case an appeal is pending from the United States Court for the District of Idaho to the Court of Appeals for the 9th Circuit. And, plaintiff has attempted to register his judgment in the Utah District and have an execution issue upon it. The judgment might be registered in any number of districts, if it can be registered here, with the consequent necessity of employment of counsel in all of the districts and applications to various courts of appeal for orders to stay the proceedings. The judgment debtor should not be subjected to this annoyance and oppression. To deny the construction asked by the plaintiff provides a more orderly procedure.