343 F.2d 824
 Harold A. GADSDEN, Appellant,
v.
Harry M. FRIPP, Supervisor of Colleton County, South
Carolina, (Successor tothe late J. H. Hayden, former
Colleton County Supervisor) and/or Harry M.Fripp's
Successors in Office as Supervisor of Colleton County and
ColletonCounty of The Stateof South Carolina, Walterboro,
South Carolina, Appellees.
 No. 9761.
 United States Court of Appeals Fourth Circuit.
 Argued March 5, 1965.
Decided March 26, 1965.
 
 Ralph R. Curry, Washington, D.C. (Harold A. Gadsden, pro se, on brief), for appellant.
 Thomas M. Howell, Jr., Walterboro, S.C., for appellees.
 Before HAYNSWORTH, Chief Judge, and BOREMAN and BRYAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case was here once before. The plaintiff brought it here on appeal from a judgment in his favor, claiming he was entitled to greater relief that he had obtained. We held that his acceptance of a check in the amount of the judgment, under the circumstances as they then appeared, was not a bar to the appeal. Remanding, we left it to the District Judge, in his discretion, to determine whether restitution or security for repayment of the judgment should be required as a condition prerequisite to further proceedings in the District Court.[1]
 
 
 2
 Pursuant to the discretionary authority thus vested in him, the District Judge entered an order requiring restitution or a surety bond in an amount twice that of the judgment the plaintiff had collected.
 
 
 3
 The plaintiff did not comply with that order. Instead, he contended that no restitution should have been required and that in no event should he have been required to restore more than the net proceeds of the earlier judgment after paying the fees of the attorneys who represented him.[2]
 
 
 4
 Entry of the order was clearly within the discretion of the District Court as outlined in our previous opinion. We can find no abuse of that discretion in the terms of the order.
 
 
 5
 Affirmed.
 
 
 
 [1]
 Gadsden v. Fripp, 4 Cir., 330 F.2d 545. In this connection, we said there (p. 548):
 '* * * In this instance, the District Court, in its discretion, may condition the reopening of the entire case upon the plaintiff's repayment of the amount he received from the defendants or the giving of reasonable security for its repayment. Such a requirement need not be imposed if it is plain that, in any event, the plaintiff will ultimately prevail at least to the extent of the judgment he has obtained. Particularly in light of the limitations question, however, we cannot say, on the present record that the plaintiff will certainly be entitled to a judgment in his favor in at least that amount. Accordingly, what, if any, restitution, or security for restitution, is required of the plaintiff as a condition to further proceedings in the District Court is left to the determination in its discretion, of the District Court.'
 
 
 [2]
 The plaintiff complains that the check in payment of the judgment was made payable jointly to him and to his attorneys. That is common practice. When the plaintiff, with his attorneys, endorsed the check and cashed it, he received the whole sum
 Restitution is required to restore the defendants to the position they were in before they paid the judgment. That purpose cannot be accomplished if they are repaid a lesser sum than they paid.