John M. GOLDSMITH, Jr., Plaintiff,

v.

MIDWEST ENERGY COMPANY,
Defendant.

No. C80–391.

United States District Court,
N. D. Ohio, E. D.

Sept. 25, 1980.

Lisa R. Kraemer, John M. Goldsmith, Jr., J. Kearney Shanahan, Carney, Shanahan, Rains & Levin, L. P. A., Cleveland, Ohio, for plaintiff.

Wallace W. Walker, Jr., Marc D. Fink, Baker & Hostetler, Cleveland, Ohio, for defendant.

## MEMORANDUM DECISION AND ORDER

BATTISTI, Chief Judge.

A judgment for the recovery of money was obtained by the plaintiff in the Eastern District of Virginia on October 19, 1979. On November 14, 1979, defendant timely filed its notice of appeal from the Virginia judgment with the United States Court of Appeals for the Fourth Circuit (Case No. 79–1764). This appeal remains pending before the Fourth Circuit and is scheduled for oral argument on October 8, 1980. Defendant apparently did not give a supersedeas bond upon taking his appeal.

Notwithstanding the pending appeal, on March 10, 1980, W. Farley Powers, Jr., Clerk of the United States District Court for the Eastern District of Virginia executed a certification of judgment for registration in another district. On the face of the certification, it is expressly stated that "a notice of appeal from the said judgment was filed in my office on November 13, 1979 (still pending in 4th Circuit)."

On March 19, 1980, the judgment was registered with this court. On April 14, 1980, the Clerk of the United States District Court for the Northern District of Ohio certified the registration of judgment.

Subsequent to the registration of the Virginia judgment in this court, plaintiff transferred the registered judgment to the Cleveland Municipal Court for enforcement. The Cleveland Municipal Court then issued orders in aid of execution to banks and savings institutions in Cuyahoga County and to defendant's officers and directors. Consequently, certain assets of defendant have been sequestered and defendant's officers and directors have been ordered to appear before the Cleveland Municipal Court on September 26, 1980, to answer questions regarding defendant's assets.

The registration of the Virginia judgment in the United States District Court for the Northern District of Ohio is governed by 28 U.S.C. § 1963:

A judgment in an action for the recovery of money or property now or hereafter entered in any district court *which has become final by appeal or expiration of time for appeal* may be registered in any other district by filing therein a certified copy of such judgment. A judg-

ment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

A certified copy of the satisfaction of any judgment in whole or in part may be registered in like manner in any district in which the judgment is a lien. (Emphasis added)

 It is clear and beyond any doubt that a judgment may not be registered in another district until it has become final by appeal or by expiration of the time for appeal. A judgment does not become final within 28 U.S.C. § 1963 until the case has been disposed of by appeal, and it is not entitled to registration in another district while an appeal is pending, even though no supersedeas bond has been posted. *See, Lipton v. Schmertz,* 68 F.R.D. 249 (S.D.N.Y. 1974); *Abegglen v. Burnham,* 94 F.Supp. 484, 486 (D.Mass.1950); 11 Wright & Miller, *Federal Practice and Procedure* § 2787 at 22 (1973).

The Sixth Circuit has recently outlined the remedial steps which may be undertaken by the registering court when a judgment has been erroneously registered in its district:

"[I]t seems clear that the registering court has authority, necessarily implied from § 1963 and as a matter of inherent jurisdiction, where a foreign judgment has been registered in knowing violation of the terms of the registration statute to grant relief (a) by annulling or vacating the registered judgment . . . ; (b) by vacating any process or executions which may have issued upon the registered judgment; and (c) by restoring to the aggrieved parties any assets or properties which may have been seized or levied upon."

*Ohio Hoist Manufacturing Co. v. LiRocchi,* 490 F.2d 105, 107–8 (6th Cir.), *cert. denied,* 417 U.S. 938, 94 S.Ct. 2654, 41 L.Ed.2d 661 (1974).

For the reasons set forth above:

(1) The registration of the judgment with the Clerk of this Court, on March 19, 1980, was and is null and void; that regis-

tration of this judgment is hereby quashed and expunged from the records of this court.

(2) Any process or executions which may have issued upon the registered judgment should be vacated.

(3) Any assets or property of the defendant seized or levied upon should be restored to the defendant.

IT IS SO ORDERED.