**Dr. Harry KAPLAN**

v.

**Samuel HIRSH.**

**Misc. No. 1534.**

United States District Court, D. Maryland.

Aug. 6, 1981.

J. Jonathan Schraub, Washington, D. C., Stanton J. Levinson, Rockville, Md., for plaintiff.

WATKINS, Senior District Judge.

Plaintiff has moved this Court to issue an order directing the Clerk of Court for this district to register a judgment entered by the United States District Court for the District of Columbia. Plaintiff seeks to proceed under the registration statute, 28 U.S.C. § 1963, which provides in pertinent part:

> A judgment in an action for the recovery of money or property now or hereafter entered in any district court *which has become final by appeal or expiration of time for appeal* may be registered in any

other district by filing therein a certified copy of such judgment. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

(Emphasis added.)

The judgment was entered by the United States District Court for the District of Columbia on May 15, 1981. On June 8, 1981, the defendant, Samuel Hirsh, filed a timely notice of appeal, and that appeal is still pending. Therefore, the judgment is not "final by appeal" as required under the express terms of the registration statute quoted above. The Clerk of this Court accordingly refused to register the judgment, and plaintiff filed the instant motion to accomplish the registration.[1]

Plaintiff argues that, because defendant has filed no supersedeas bond as provided by F.R.Civ.P. 62(d),[2] and has not requested a stay,[3] he is not entitled to a stay pending appeal. Plaintiff argues further that the failure to register the original judgment in this Court under these circumstances in effect stays extraterritorial execution on the judgment, and that because this result would deprive plaintiffs of certain constitutional rights, 28 U.S.C. § 1963 must be read to permit registration even when an appeal

to the original judgment is pending, so long as defendant has failed to file a supersedeas bond or to request a stay. Plaintiff's Memorandum of Points and Authorities (relying on *Dorey v. Dorey*, 77 F.R.D. 721 (N.D.Ala. 1978)). While this Court readily concurs in the first proposition, it must reject the latter. Therefore, plaintiff's motion will be denied.

▮▮▮ Plaintiff's argument would perhaps have some merit if the failure to register this judgment would in fact effect a stay of execution outside the original district. One district court considered this question in the context of a judgment debtor's attempt to prevent certification of a judgment for registration in another district.[4] *Dorey*, 77 F.R.D. at 722. That court outlined what it thought would be the serious constitutional problems which would arise if 28 U.S.C. § 1963 could be construed to prevent a judgment creditor from pursuing extraterritorial execution on a federal judgment, where an appeal was pending but no general stay had been ordered. *Id.* at 723, 725–26. The district court asserted that such a stay of any extraterritorial execution would deny judgment creditors privileges and immunities otherwise guaranteed,[5] would deny those creditors the equal

1. The Clerk of Court for the United States District Court for the District of Columbia originally refused to certify the judgment for registration on the same ground, i. e., that registration was not authorized under 28 U.S.C. § 1963. Plaintiff filed a motion with District Judge June L. Green, arguing that certification should be permitted despite the pending appeal because defendant had failed to request a stay or file a supersedeas bond under F.R.Civ.P. 62(d) and F.R.App.P. 8. Judge Green then ordered that the judgment be certified for registration.

2. F.R.Civ.P. 62(d) provides:
    When an appeal is taken by the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

3. *Compare Federal Prescription Services, Inc. v. American Pharmaceutical Ass'n*, 636 F.2d

755 (D.C.Cir.1980) (power to grant stay within discretionary powers of district court even if no bond filed) *with Fidelity & Deposit Co. v. Davis*, 127 F.2d 780, 782 (4 Cir. 1942) *(dictum)* (bond required if stay pending appeal desired).

4. The *Dorey* court was of the opinion that the judgment debtor had consented to certification of the judgment for registration, but considered the propriety of the certification further, because the debtor had attempted to withdraw his consent. While consent is not an issue in the instant case, this Court is compelled to note that in its view registration of a judgment otherwise unauthorized by 28 U.S.C. § 1963 cannot be validated by a judgment debtor's consent to that registration.

5. The *Dorey* court was of the opinion that a construction of this statute which would prevent federal extraterritorial execution on a federal judgment when a stay had not been granted would deny a judgment creditor a "privilege" within the meaning of article IV, § 2 of the United States Constitution. Apparently,

protection of the laws,[6] and would violate the full faith and credit clause of the United States Constitution.[7] The *Dorey* court therefore held that the term "final by appeal" in 28 U.S.C. § 1963 must be construed to read "final by appeal where a supersedeas bond has been filed." Under this construction, a judgment creditor could register a federal judgment in another district even though an appeal to the judgment had been filed, unless the judgment debtor had *both* appealed *and* filed a supersedeas bond pursuant to F.R.Civ.P. 62(d) or had otherwise procured a stay order. The Court ordered that the judgment be certified for registration.[8]

█ While this Court cannot agree with all of the *Dorey* court's contentions as to the constitutional questions addressed in that opinion, *see, e. g.*, nn. 5, 6 *supra*, it need not address these contentions in any great detail. All of the constitutional problems raised by the *Dorey* court are premised on the assumption that a failure to register a foreign district's judgment will prevent extraterritorial execution on the judgment, in effect operating as a stay. That crucial premise is, however, invalid.

As the *Dorey* court itself recognized, 77 F.R.D. at 726, registration of a federal judgment is not the only means by which extraterritorial execution of such a judgment can be accomplished. One commentator has stated:

> Section 1963 provides a cumulative remedy. It does not prevent a judgment creditor from bringing an independent action on his judgment. And it may be advantageous for him to do this where the original judgment is not registrable due to the fact that it has not become final by appeal or expiration of the time for appeal.

7B *Moore's Federal Practice* § 1963 at 853–54 (1981).

In *Slade v. Dickinson*, 82 F.Supp. 416 (W.D.Mich.1949), a case directly apposite to the case at bar, the district court held that, where a party appealing from a judgment has failed to file a supersedeas bond, the judgment creditor could file an independent action on his judgment in other jurisdictions, even though he could not register the judgment under 28 U.S.C. § 1963. 82 F.Supp. at 418. This proposition has long been recognized by federal courts, *Bros, Inc. v. W. E. Grace Mfg. Co.*, 261 F.2d 428, 433 n.4 (5 Cir. 1958); *Juneau Spruce Corp. v. International Long & W. Union*, 128 F.Supp. 697, 700 (D.Haw.1955), and contin-

---

the court did not feel that a court-ordered stay of *all* execution would violate this clause.

**6.** The *Dorey* court believed that if judgment creditors of one district could not enforce their judgment in another district they would be denied equal protection of the laws as compared with those judgment creditors who seek to execute within the original district. This Court is of the opinion that judgment creditors seeking to effect extraterritorial execution of a judgment are not similarly situated to those judgment creditors who execute in the original district or state, and that the *Dorey* court's equal protection analysis is therefore incorrect.

**7.** The *Dorey* court advances the novel proposition that because a federal court sitting in diversity sits as a substitute for a state court, it therefore is governed by the full faith and credit clause found in article IV, § 1 of the United States Constitution. 77 F.R.D. at 72. The *Dorey* court was mistaken in this regard. *Baldwin v. Iowa State Travelling Men's Ass'n*, 283 U.S. 522, 524, 51 S.Ct. 517, 75 L.Ed. 1244 (1931) (article IV, § 1 not involved where neither of the courts concerned is a state court). While

there is some confusion as to whether the federal statutory full faith and credit provision, 28 U.S.C. § 1738, applies the principles of full faith and credit to a situation involving two federal district courts, *compare Somportex Ltd. v. Philadelphia Chewing Gum Corp.*, 453 F.2d 435, 441 n.9 (3 Cir. 1971), *cert. denied*, 405 U.S. 1017, 92 S.Ct. 1294, 31 L.Ed.2d 479 (1972) *with Williams v. Ocean Transport Lines, Inc.*, 425 F.2d 1183, 1189 (3 Cir. 1970), there is no doubt that res judicata applies to a judgment in such a situation, apart from the full faith and credit clause. *Heiser v. Woodruff*, 327 U.S. 726, 733, 66 S.Ct. 853, 856, 90 L.Ed. 970 (1946); *Baldwin*, 283 U.S. at 525, 51 S.Ct. at 517; *Ocean Transport Lines, Inc.*, 425 F.2d at 1183. 28 U.S.C. § 1963 provides no impediment to the application of principles of res judicata to the judgment at issue here, however, despite the *Dorey* court's concerns to the contrary.

**8.** There is no indication as to whether the registering court agreed with the *Dorey* court's rationale and registered the judgment.

ues in vitality today. *Meridian Investing & Development Corp. v. Sun Coast Highland Corp.*, 628 F.2d 370, 373 n.5 (5 Cir. 1980); *ITT Industrial Credit Co. v. Lawco Energy, Inc.*, 86 F.R.D. 708, 711 (S.D.W.Va.1980).

The district court in *Juneau Spruce* explained:

> Registration is different from a suit upon a judgment which is a new and independent action, not ancillary to the original action. The judgment creditor can still sue upon the Alaskan judgment in this court in an independent action, as well as register it, but can collect but once of course. His remedies remain cumulative in this situation.

*Id.* at 699–700 (citations and footnotes omitted).

The registration procedure established by 28 U.S.C. § 1963 has certain advantages over the filing of an independent action to collect a judgment. The *Juneau Spruce* court noted that the registration statute "was designed to relieve both creditors and debtors of the additional cost and harassment of further litigation which otherwise would be incident to an action on the judgment in a foreign district." *Id.* at 700. Another court termed the registration procedure "streamlined extra-territorial enforcement machinery." *Bros. Inc.*, 261 F.2d at 433 n.4 (noting that this process is not available if an appeal is pending). Nevertheless, the fact that this advantageous procedure is unavailable to a judgment creditor during the pendency of an appeal in no way prevents the creditor from pursuing extraterritorial execution by means of a suit on the original judgment. Therefore the constitutional problems addressed by the *Dorey* court, all of which would arise only in the event that a judgment creditor could not effect extraterritorial execution on a federal judgment during the pendency of an appeal where no stay had been ordered, are not raised by the provisions of 28 U.S.C. § 1963.

The *Dorey* court, while discussing constitutional problems which depend on the unavailability of the extraterritorial execution process during the pendency of appeal, concluded by acknowledging that execution could proceed even though registration was unavailable to the judgment creditor. The court then set forth a separate rationale for its holding that certification of the judgment for registration should be permitted despite the pendency of an appeal. The court stated:

> Section 1963 is a summary substitute for a suit in a foreign district on a federal judgment. Beyond question, this plaintiff can sue in Texas, in either federal or state court, on the judgment in question, and obtain an enforceable Texas judgment—but only after delay and expense which Congress intended to avoid by establishing the summary procedure. Can there be any rational argument that Congress intended that this plaintiff *could* sue on her judgment in Texas but *could not* by registering it have summary enforcement of a judgment in a case already fully litigated? This Court thinks not.

77 F.R.D. at 726 (emphasis in original).

In contrast, this Court finds nothing irrational in the fact that Congress provided a streamlined enforcement procedure for federal judgments, while limiting its application to those judgments which are "final by appeal or expiration of time for appeal." Such judgments are the most suitable subjects for a streamlined enforcement procedure, because there is no danger of a later reversal of the original judgment, and collateral attack is quite limited. Moreover, contrary to the *Dorey* court's assertion that Congress could not have intended to limit the application of the registration procedure to such judgments, the plain meaning of the statutory language demonstrates that Congress intended to do just that.

The Court finds the *Dorey* case to be entirely unpersuasive authority,[9] and con-

---

**9.** The Court can find no other published opinion which has either adopted the reasoning in *Dorey*, or has construed 28 U.S.C. § 1963 to permit registration of a judgment while an appeal is pending.

cludes independently that there is no impediment, constitutional or otherwise, to a construction of 28 U.S.C. § 1963 which gives plain meaning to the term "final by appeal." The Court rejects plaintiff's challenge to such a construction. The Court must accordingly find that plaintiff does not have a registrable judgment under 28 U.S.C. § 1963 due to the pendency of an appeal,[10] and will deny the motion to order the judgment registered.

A separate Order shall be entered.

---

**10.** Of course, if plaintiff views the pending appeal as frivolous, the forum for such an argument is in the United States Court of Appeals for the District of Columbia. *Lipton v. Schmertz*, 68 F.R.D. 249, 250 (S.D.N.Y.1974).