In the Matter of the Arbitration between
A/S SILJESTAD, Petitioner,

and

HIDECA TRADING, INC., Respondent
and Cross-Petitioner.

No. 81 Civ. 6315 (WCC).

United States District Court,
S.D. New York.

March 25, 1982.

Haight, Gardner, Poor & Havens, New York City, for petitioner; Gary D. Sesser, New York City, of counsel.

Healy & Baillie, New York City, for respondent; Raymond A. Connell, Elisa M. Pugliese, New York City, of counsel.

### OPINION AND ORDER

CONNER, District Judge:

On July 23 and 27, 1981, an arbitration panel awarded A/S Siljestad ("Siljestad") in excess of $300,000 on various claims against Hideca Trading Inc. ("Hideca"). Although Hideca contested only a portion of this award, it paid none of it, and the matter came before this Court. By Opinion and Order dated December 18, 1981, 541 F.Supp. 58, this Court granted Siljestad's petition to confirm the arbitration award. After the calculation of interest, judgment was entered on January 5, 1982 for an amount in excess of $400,000. Thereafter Hideca filed a Notice of Appeal, contesting about 25% of the judgment. Hideca continues, however, to refuse to pay any part of that portion of the judgment which it concedes it owes to Siljestad.

Hideca has not posted a supersedeas bond and has not sought to stay execution of the judgment pending its appeal. See Rule 62, F.R.Civ.P., and Rule 8, F.R.App.P. Siljestad is accordingly attempting to enforce the judgment. However, because Hideca's assets lie without this district, Siljestad seeks to register the judgment elsewhere pursuant to 28 U.S.C. § 1963, which provides in pertinent part:

"A judgment in an action for the recovery of money or property now or hereafter entered in any district court which has become final by appeal or expiration of time for appeal may be registered in any other district by filing therein a certified copy of such judgment. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner."

■ Because of the pendency of Hideca's appeal, the Judgment Clerk of this Court refused to issue a "Form 101" necessary for the registration of this Court's judgment in another district. Siljestad accordingly seeks an order of this Court compelling the Clerk to issue a Form 101. The question presented is whether the pendency of an appeal, without the posting of a supersedeas bond, prevents the registration of a judgment pursuant to 28 U.S.C. § 1963.

We have discovered so few decisions bearing on this question that all of them may be summarized here. In *Abegglen v. Burnham,* 94 F.Supp. 484 (D. Utah 1950), the court held that the pendency of an appeal prevented the registration of the judgment notwithstanding the absence of a supersedeas bond. In ruling that the language "final by appeal" means "disposed of by appeal" and not "final subject to appeal," the court noted that Section 1963 was based upon Rule 77 of the recommended rules of the Supreme Court's Advisory Committee on Federal Rules of Civil Procedure (1937), which provided for registration of judgments which have "become final ... by mandate on appeal ...." Moreover, the court reasoned that permitting extra-district registration during the pendency of an appeal would place an undue burden upon judgment debtors to seek stays of execution in potentially many forums.

In *Dorey v. Dorey,* 77 F.R.D. 721 (N.D. Ala.1978), the court entered judgment against the defendant in a suit for enforcement of a California judgment. The defendant appealed that decision to the United States Court of Appeals for the Fifth Circuit, but did not seek to stay execution or post a supersedeas bond. During the proceedings before the Alabama federal court, the defendant changed his residence from Alabama to Texas. Accordingly, the plaintiff sought an order directing the clerk to issue a certificate of judgment for registration in the appropriate Texas district pursuant to Section 1963. The court granted the motion notwithstanding the pendency of the defendant's appeal. The court's decision was alternatively based on (1) the defendant's consent to the registration of the judgment in the United States District Court for the Northern District of Texas, and (2) the Court's view that Section 1963 would be unconstitutional if it were to be read as permitting a judgment debtor to avoid registration during the pendency of an appeal without obtaining a stay of execution or posting a supersedeas bond. Specifically the court found that if Section 1963 was not interpreted as precluding registration during the pendency of an appeal only where a supersedeas bond had been posted, (a) the "constitutional right of a judgment creditor, when no stay has been issued pursuant to law, to collect his judgment" would be denied without due process of law and in violation of the privileges and immunities clause of the Constitution, *id.* at 723–25, (b) the resulting superior right of nonresidents to evade or postpone payment of their judgment debts would constitute a denial of equal protection of the laws, *id.* at 725, (c) the statute would be violative of the doctrine of separation of powers by virtue of its effect in depriving a federal court judgment of its power outside the district, *id.,* (d) the statute would be impermissibly inconsistent with the Federal Rules of Civil and Appellate Procedure, which evidence a policy of permitting an automatic stay of execution only upon the filing of a supersedeas bond, *id.,* and (e) the statute would deny full faith and credit to the judgment, where federal jurisdiction was premised upon diversity of citizenship, *id.* The court consequently determined that Section 1963 must be read as precluding registration during the pendency of an appeal only where a supersedeas bond has been posted.

In *Goldsmith v. Midwest Energy Co.,* 90 F.R.D. 249 (N.D.Ohio 1980), the court refused to accept registration of a judgment of the United States District Court for the Eastern District of Virginia where an appeal from that judgment was pending, even though no supersedeas bond had been posted in connection with the appeal. The court found that Section 1963 prevented registration "until the case has been disposed of by appeal," citing *Abegglen, supra,* and *Lipton v. Schmertz,* 68 F.R.D. 249 (S.D.

N.Y.1974). The reliance on *Lipton* appears to have been misplaced. It is true that in that case Judge Motley of this Court stated that "[a]s long as an appeal of substance is pending, § 1963 bars registration of the judgment in a foreign district." *Id.* at 250. There, however, a supersedeas bond had been posted, and thus Judge Motley was not confronted with the question presented here.

Finally, in *Kaplan v. Hirsh,* 91 F.R.D. 106 (D.Md.1981), the court held Section 1963 to be inapplicable to a judgment from which an appeal has been taken and is pending, notwithstanding the absence of a supersedeas bond. As to the constitutional considerations outlined in *Dorey, supra,* the court noted:

"While this Court cannot agree with all of the *Dorey* court's contentions as to the constitutional questions addressed in that opinion, . . . it need not address these contentions in any great detail. All of the constitutional problems raised by the *Dorey* court are premised on the assumption that a failure to register a foreign district's judgment will prevent extraterritorial execution on the judgment, in effect operating as a stay. That crucial premise is, however, invalid.

"As the *Dorey* court itself recognized, 77 F.R.D. at 726, registration of a federal judgment is not the only means by which extraterritorial execution of such a judgment can be accomplished. One commentator has stated:

'Section 1963 provides a cumulative remedy. It does not prevent a judgment creditor from bringing an independent action on his judgment. And it may be advantageous for him to do this where the original judgment is not registrable due to the fact that it has not become final by appeal or expiration of the time for appeal.'

7B *Moore's Federal Practice* § 1963 at 853–54 (1981).

\*    \*    \*    \*    \*    \*

" . . . this Court finds nothing irrational in the fact that Congress provided a streamlined enforcement procedure for federal judgments, while limiting its application to those judgments which are 'final by appeal or expiration of time for appeal.' Such judgments are the most suitable subjects for a streamlined enforcement procedure, because there is no danger of a later reversal of the original judgment, and collateral attack is quite limited. Moreover, contrary to the *Dorey* court's assertion that Congress could not have intended to limit the application of the registration procedure to such judgments, the plain meaning of the statutory language demonstrates that Congress intended to do just that."

*Id.* at 108–09.

Upon consideration of these authorities, the Court concludes that Siljestad's motion must be denied. A judgment from which a pending appeal has been taken is not "final by appeal," and thus may not be registered under Section 1963. Furthermore, in view of the available alternative of bringing an independent action on the judgment, this Court, like the *Kaplan* court, is not persuaded that there are any constitutional infirmities in Section 1963 which mandate, or even justify, the rewriting of that statute performed by the *Dorey* court.

This is not to say that the considerations discussed in *Dorey* are not substantial and should not prompt Congress to amend Section 1963. Ordinarily a notice of appeal unaccompanied by a supersedeas bond does not prevent virtually immediate execution on a judgment. Congress may well wish to reconsider whether an exception to this rule is justified simply because the judgment debtor's assets lie without the district. As written, Section 1963 encourages frivolous appeals from judgments which will require extraterritorial execution. Such judgment debtors realize that the mere filing of a notice of appeal without a supersedeas bond effectively delays or frustrates compliance with its court-ordered obligation. By the time the appeal is completed or when the judgment creditor has expended the time and expense incidental to an independent action on a judgment, the creditor may find itself holding a worthless judgment without

the usual recourse against a bond. Furthermore, in view of the artificially low statutory rate of interest, Section 1963 provides an unfortunate mechanism for such judgment debtors to decrease the value of a judgment by delaying its execution.

This case in particular illustrates the potential abuse of Section 1963 as written. Both in this Court and in the Court of Appeals Hideca does not challenge approximately 75% of the judgment. Yet Hideca has paid not one cent thereon since the arbitration award. This course of conduct by Hideca, the motivation for which is patent and the justification for which is nonexistent, is unfortunately assisted by Section 1963, which effectively has enabled Hideca, without the posting of a supersedeas bond, to delay even further any execution on any part of the judgment.

However, as noted above, any change in Section 1963 must come from Congress and not from the courts. Siljestad's motion for an order directing the clerk to issue Form 101 for the registration of the judgment in this action is denied.

SO ORDERED.