**SHEET METAL WORKERS' NATIONAL PENSION FUND, et al.,**
**Plaintiffs,**

v.

**METALS AND MACHINING FABRICATORS, INC.,**
**Defendant.**

**Civ. A. No. 84–2936.**

United States District Court, District of Columbia.

May 15, 1986.

Harry Huge, Michael D. Lowe, Rogovin, Huge & Lenzner, Marc E. Le Blanc, Sheet Metal Workers' National Pension Fund, Washington, D.C., for plaintiffs.

Gary E. Lofland, Lofland & Associates, Yakima, Wash., Paul M. Heylman, Schmeltzer, Aptaker & Sheppard, P.C., Washington, D.C., for defendant.

## MEMORANDUM ORDER

BARRINGTON D. PARKER, District Judge.

### (Denying Plaintiffs' Motion for Supersedeas Bond)

This matter is before the Court on plaintiffs' motion to require supersedeas bond

pending appeal. The motion and the opposition thereto have been fully considered, and for the reasons set out below, the Court determines that the request for a supersedeas bond should be denied.

This proceeding concerns a claim for delinquent contributions and other relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145 (1982). By Court orders of December 13, 1985 and January 23, 1986, plaintiffs were awarded a judgment against defendant in the total amount of $91,279.68.[1] Defendant has appealed the judgment, but has not moved for a stay as provided under Rule 62(d) Fed.R.Civ.P. Plaintiffs claim that they are unable to execute the judgment, despite the absence of a stay, because defendant's assets are in the State of Washington, beyond the subpoena power of the Court. At the same time, because an appeal is pending, the plaintiffs cannot record the judgment in any jurisdiction under the federal registration of judgments statute, 28 U.S.C. § 1963. *See In Re Professional Air Traffic Controllers Organization (PATCO)*, 699 F.2d 539, 544 (D.C.Cir.1983). Nor is an independent action on the judgment in either a Washington state or federal court an effective alternative, because, according to plaintiffs, the courts will generally grant a discretionary stay of such a proceeding, pending appeal of the underlying judgment. Finally, registration of the judgment in a Washington state court under the Uniform Enforcement of Foreign Judgments Act, Wash.Rev.Code Ann. § 6.36010 *et seq.* (West 1977 & Supp.1986), will ultimately yield nothing more than plaintiffs are asking for in the instant motion, because a stay of execution will be granted

there upon a showing that the defendant has "furnished the security for the satisfaction of the judgment required by the state in which it was rendered." *Id.* § 6.36.045(1). This course, plaintiffs argue, would involve a needless waste of resources.

The seeming "Catch–22" dilemma which plaintiffs face has not gone unnoticed by courts or commentators. *See, e.g., A/S Siljestad v. Hideca Tading, Inc.*, 96 F.R.D. 7, 9–10 (S.D.N.Y.1982) (Connor, J.); Shanks & Standiford, *Schizophrenia in Federal Judgment Enforcement: Registration of Foreign Judgments Under § 1963*, 59 Notre Dame L.Rev. 851, 853–56 (1984) [hereinafter cited as *Schizophrenia* ].[2] The courts have generally examined the problem in the context of attempts to register foreign judgments under section 1963 during the pendency of an appeal, or before the time for appeal has expired. *See, e.g., Kaplan v. Hirsch*, 696 F.2d 1046, *withdrawn and vacated*, 765 F.2d 421 (4th Cir. 1982); *Urban Industries, Inc. of Kentucky v. Thevis*, 670 F.2d 981 (11th Cir.1982); *A/S Siljestad*, 96 F.R.D. 7. Plaintiffs have suggested a solution to this problem by requesting that this Court require the defendant to post a supersedeas bond. Unfortunately, they have not proffered persuasive authority for such an order.[3]

■ Plaintiffs have failed to cite a single federal case, and the Court has discovered none, where a losing defendant did not request a stay pending appeal but was ordered nonetheless to post a supersedeas bond. In reply to defendant's opposition to the motion for a bond, plaintiffs argue that "[t]his Court has ample discretion to tailor

1. The total judgment includes the following items, all allowable under ERISA: awards for delinquent contributions, interest, statutory liquidated damages, attorneys' fees and costs. The judgment also provides that interest on the delinquent contributions shall be paid from December 13, 1985 to the date on which payment is actually made.

2. One suggested solution to the problem would be an amendment to 28 U.S.C. § 1963 to permit the registration of foreign judgments pending

appeal unless they are stayed by the filing of a supersedeas bond. *See A/J Siljestad*, 96 F.R.D. at 9; *Schizophrenia*, 59 Notre Dame L.Rev. at 853 ("Section 1963 should be amended to delete the 'final by appeal' requirement."). Thus far, Congress has not seen fit to pursue this course.

3. *See White v. Phillips*, 88 F.R.D. 263, 264–65 (N.D.Ga.1980) (noting that the only provisions of the federal rules mentioning supersedeas bonds are those related to stays).

the amounts and types of security required to protect its judgments to the particular circumstances before it." Plaintiff's Reply at 2. The several cases cited in support of this proposition, however, do not authorize the type of order requested in this case. In two of the cited cases, the defendants had requested a stay pending appeal and the issue was whether the district court had discretion to approve less than a full supersedeas bond. *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189 (5th Cir.1979); *Trans World Airlines, Inc. v. Hughes*, 314 F.Supp. 94 (S.D.N.Y.1970), *aff'd*, 515 F.2d 173 (2d Cir. 1975).[4] In a third case, the court of appeals had specifically granted authority to the district court to require a bond as a condition of further proceedings in the district court. *Gadsden v. Fripp*, 343 F.2d 824 (4th Cir.), *cert. denied*, 382 U.S. 921, 86 S.Ct. 300, 15 L.Ed.2d 235 (1965).

■ Furthermore, plaintiffs' difficulties are not as insurmountable as portrayed in its motion. The unavailability of recourse to 28 U.S.C. § 1963 does not preclude an independent action to enforce the judgment. *Hunt v. Liberty Lobby, Inc.*, 707 F.2d 1493, 1498 (D.C.Cir.1983); *Urban Industries v. Thevis*, 670 F.2d at 985, 7B Moore's Federal Practice § 1963 (1986).[5] It is true that a court hearing such an action could, in an exercise of discretion, grant a stay pending the appeal of this Court's judgment. *See Hunt*, 707 F.2d at 1498; *In Re PATCO*, 699 F.2d at 544 & n. 18. Such an exercise of discretion, however, is not a foregone conclusion. *Hunt* at 1499. Indeed, when the defendant has purposely decided not to seek a stay of the underlying judgment, it would be particularly appropriate to allow an independent action to proceed. *Slade v. Dickinson*, 82 F.Supp. 416 (W.D.Mich.1949).

The Uniform Enforcement of Foreign Judgments Act, *supra* p. 2, also provides an effective means of enforcing this Court's judgment in a Washington state court or forcing defendant to post a bond here. *See Schizophrenia*, 59 Notre Dame L.Rev. at 872–73. Plaintiffs' motion, then, boils down to an attempt to avoid the expense and inconvenience of further proceedings in distant courts.

While the Court is sympathetic to plaintiffs' desire to protect its judgment in the least costly way possible, the defendant quite correctly notes that the present difficulty of executing the judgment is the result and consequence of plaintiffs' choice of forum, a decision they made earlier in this proceeding. Plaintiffs were completely within their rights to bring suit in this jurisdiction under the special venue provision of ERISA. 29 U.S.C. § 1132(e)(2). However, they also could have pursued the defendant "where [it] resides or may be found." *Id.* Further, plaintiffs opposed defendant's motion in November 1984 to transfer the case to the Western District of Washington, where execution of the judgment would have been much less difficult. Without more substantial authority on which to rest an order requiring a supersedeas bond, the Court will not rescue plaintiffs from the problem which is largely of their own making.[6]

On basis of the above, it is this 15th day of May, 1986,

---

**4.** 11 C. Wright & A. Miller, Federal Practice and Procedure § 2905, at 328 (1973), also cited by plaintiff, concerns this same issue.

**5.** Judgment creditors frequently are prevented from bringing such independent actions because of a lack of personal jurisdiction over the debtor or a difficulty in effecting service. An independent action against defendant in the State of Washington should pose neither of these problems.

**6.** Counsel's attention is directed, however, to 29 U.S.C. § 1132(g)(2)(E). A plain reading of that subsection suggests that a district court has some latitude in framing a final judgment, although a limited review of cases construing it has not revealed any direct authority for requiring the posting of a bond as part of a final relief order. In addition, some measure of protection may be available by way of a motion for interim payments of withdrawal liability. *See Trustees of the Retirement Fund of the Fur Manufacturing Industry v. Lazar-Wisotzky, Inc.*, 550 F.Supp. 35, 38 (S.D.N.Y.1982); *cf. Pantry Pride v. Retail Clerks Tri-State Pension Fund*, 747 F.2d 169 (3d Cir.1984).

**ORDERED**

That the plaintiffs' motion to require supersedeas bond pending appeal is denied.

That the Court's order of March 27, 1986 is vacated.[7]

---

Robert A. Stevenson, Westchester, Ill., for plaintiffs.

---

7. On March 27, 1986, the present motion was granted, the defendant having failed to file an opposition. On April 9, 1986, after defendant indicated that it had not received a copy of the motion, the order granting the motion was stayed.