In re **SOUTHERN INDUSTRIAL BANKING CORPORATION, Debtor.**

**Thomas E. DuVOISIN, Liquidating Trustee, Plaintiff,**

v.

**Peggy R. AVERY, Defendant.**

**Bankruptcy No. 3–83–00372.
Adv. No. 3–84–0355.**

United States Bankruptcy Court,
E.D. Tennessee.

Oct. 17, 1990.

Robert M. Bailey, Knoxville, Tenn., for Thomas E. DuVoisin, Liquidating Trustee.

Anthony M. Avery, Knoxville, Tenn., for Peggy R. Avery.

## MEMORANDUM

JOHN C. COOK, Bankruptcy Judge.

This case is before the court upon the plaintiff's motion for an order allowing the plaintiff to register the judgment entered in this case in any judicial district pursuant to 28 U.S.C.A. § 1963. The defendant opposes the motion.

### I.

A judgment was entered against the defendant in this case on February 10, 1989, in the amount of $33,342.57. Although the judgment is presently on appeal in the United States Court of Appeals for the Sixth Circuit, the defendant neither posted a supersedeas bond nor obtained a stay of execution on the judgment. To date, less than $100 has been collected on the judgment from assets in Tennessee.

The plaintiff has filed a judgment lien in Tennessee against property jointly owned by the defendant and her husband as tenants by the entirety. Obviously, the value of the defendant's expectancy interest in the property would be far less than the amount of the judgment.

Through post-judgment discovery, the plaintiff has learned the defendant now lives and works in Kentucky and that she has assets in Kentucky. He seeks an order allowing him to register his judgment in any judicial district of the United States so that he can execute on assets of the defendant located outside the Eastern District of Tennessee.

### II.

The issue in this case is whether the plaintiff may register his judgment under the newly-amended provisions of 28 U.S.C.A. § 1963. The defendant contends that the statute, as amended, went into effect after the judgment was rendered in this case and therefore the amended statute would not be applicable to the judgment here.

Section 1963, as amended, became effective on February 17, 1989, seven days after the plaintiff received a judgment in this case. Before § 1963 was amended, a creditor had to wait until a judgment was final by appeal or expiration of time for appeal before he could register it in another district. The statute prior to amendment read in pertinent part:

A judgment in an action for the recovery of money or property now or hereafter entered in any district court which has become final by appeal or expiration of time for appeal may be registered in any other district by filing therein certified copy of such judgment.

28 U.S.C.A. § 1963 (West 1982).

Under the amended statute, a creditor may register a judgment in any other district when it becomes final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. The amended statute reads:

A judgment in an action for the recovery of money or property entered in any district court or in the Court of International Trade may be registered by filing a certified copy of such judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the

court that entered the judgment for good cause shown. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

A certified copy of the satisfaction of any judgment in whole or in part may be registered in like manner in any district in which the judgment is a lien.

28 U.S.C.A. § 1963 (West Supp.1990).

The defendant argues the court should not apply the amended statute retroactively to the judgment entered here. The problem with defendant's argument, however, is that the amended statute can be applied to the instant case prospectively without having to delve into the current morass surrounding retroactive application of statutes.

Recognizing the applicability of the amended statute in this case would not be an instance in which a statutory rule is being applied retroactively to events and actions that have already taken place. Neither would it be an instance of a new statute changing or having an effect on the outcome or judgment in a case. Rather, the statute simply affords the plaintiff a present procedural remedy to assist the plaintiff in collecting a judgment that has not been fully satisfied. Thus, under the facts of this case, the amended statute would be prospectively applied.

■ Even if this were a case in which the court was being asked to apply the amended statute retroactively, there is precedent for giving the statute retroactive effect. Although the law in this area is somewhat muddled, there is a line of Supreme Court cases recognizing a principle "that a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary."[1] *Bradley v.*

*School Board,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974).

In *Bradley,* the Supreme Court held that a statute providing for an award of attorney's fees in school desegregation cases, enacted while an appeal from the district court's award of fees was pending, had to be applied by the appellate court. Concluding that applying the statute to the pending action would not result in manifest injustice, the Court pointed out the new statute would not infringe upon or deprive a person of a right that had matured or become unconditional nor would it impose new and unanticipated obligations upon a party without notice or an opportunity to be heard. *Id.* at 720–21, 94 S.Ct. at 2020–21.

In the instant case, the legislative history does not indicate whether or not § 1963, as amended, applies to pending cases. *See* H.R.Rep. No. 889, 100th Cong., 2d Sess., at 67 (1988), U.S.Code Cong. & Admin.News 1988, pp. 5982, 6028. If indeed this case entails the possible retroactive application of an amended statute, the principle stated in *Bradley* mandates that the court apply the present version of § 1963 to this pending case since application of the amended law would not result in manifest injustice. The amended statute does not infringe upon or deprive the defendant of any matured or unconditional right nor does it impose any obligations upon the defendant. In fact, the amended statute merely provides the plaintiff a more convenient and less expensive way of collecting his judgment. If the amended statute were not applicable here, the plaintiff could still file an independent action on the judgment in Kentucky in order to reach the defendant's assets. *Kaplan v. Hirsh,* 91 F.R.D. 106, 108 (D.Md.1981) (when a party appealing from a judgment has failed to file a supersedeas bond, a judgment creditor can file an independent action on his judgment in another jurisdiction notwithstanding the provisions of the prior version of § 1963).

---

1. Another line of Supreme Court cases represents a conflicting principle that a statute should not be applied retroactively unless its language requires it. *See, e.g., Bowen v. Georgetown University Hospital,* 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988). In *Kaiser Alu-*

*minum & Chemical Corp. v. Banjorno,* — U.S. ——, 110 S.Ct. 1570, 108 L.Ed.2d 842, the majority opinion recognized the apparent conflict in the two lines of Supreme Court cases but refused to resolve it.

It would not be manifestly unjust to permit the plaintiff to record his judgment in Kentucky in order to avoid the cumbersome and expensive procedure of instituting an independant action on the judgment in that state.

■ The defendant also contends that even under the amended statute, the plaintiff has not shown good cause entitling him to an order permitting registration in other states. In *Associated Business Telephone Systems Corp. v. Greater Capital Corp.,* 128 F.R.D. 63, 68 (D.N.J.1989), the court found good cause to exist under § 1963 justifying registration of the judgment in other states where the defendants had no assets in the judgment state but did have assets in the other states.

In the instant case, the defendant's expectancy interest in real property located in Tennessee is insufficient to satisfy the plaintiff's judgment. Because the defendant also has assets in Kentucky, and because there has been no stay of execution on the judgment, good cause exists entitling the plaintiff to an order permitting the judgment entered on February 10, 1989, in the amount of $33,342.57 to be registered in Kentucky.

An order will enter granting the plaintiff's motion and allowing the plaintiff to register the judgment entered in this case in the state of Kentucky pursuant to 28 U.S.C.A. § 1963. Because the plaintiff has not shown the defendant has assets in other states, he has failed to show good cause for registering the judgment in states other than Tennessee and Kentucky.