FIDELITY BANK, NATIONAL ASSOCIATION, Plaintiff,

v.

SPECTRUM LEASING CORPORATION, Michael James Wueste and Linda J. Paskal a/k/a Linda J. Wueste, his wife, jointly and severally, Defendants.

Civ. A. No. 86–104–JLL.

United States District Court, D. Delaware.

July 10, 1986.

**128**

Jeffrey M. Weiner of Bayard, Handel-
man & Murdoch, P.A., Wilmington, Del.
(Walter Weir, Jr. of Klehr, Harrison, Har-
vey, Branzburg, Ellers & Weir, Philadel-
phia, Pa., of counsel), for plaintiff.

Richard A. Levine of Young, Conaway,
Stargatt & Taylor, Wilmington, Del. (Mi-
chael C. Montavon, Fairfax, Va., of coun-
sel), for defendants.

## MEMORANDUM OPINION

LATCHUM, Senior District Judge.

In Count I of this civil action filed on
March 6, 1984, plaintiff Fidelity Bank, Na-
tional Association ("Fidelity") seeks entry
of judgment in this district on a judgment
entered in the United States District Court
for the Eastern District of Pennsylvania.
(Docket Item ["D.I."] 1, Count I.) The
Eastern District of Pennsylvania judgment
runs against the defendants Spectrum
Leasing Corporation ("Spectrum") and Mi-
chael James Wueste ("Wueste"). Fidelity,
in Count II of this action, seeks to set aside
an allegedly fraudulent conveyance of real
estate located in Sussex County, Delaware.
(*Id.*, Count II.) The Sussex County proper-
ty was previously transferred by defendant
Wueste to himself and Linda J. Paskal
("Paskal"), his wife, as tenants by the en-
tirety. (*Id.* at 4; D.I. 4 at 3.)

Presently before the Court is plaintiff's
motion for partial summary judgment on
Count I and motion for certification of final
judgment on Count I. (D.I. 6.) Defend-
ants, in their brief and at oral argument,
have also interposed a request for a stay of
these proceedings. (D.I. 9 at 7–8.) For the
reasons discussed below, the Court will
grant the partial summary judgment mo-
tion, deny the request for a stay, and deny
the motion for certification of final judg-
ment.

## FACTUAL BACKGROUND [1]

On June 25, 1984, Southeast National
Bank of Pennsylvania ("Southeast Bank"),
predecessor by merger to the rights of
Fidelity, commenced an action against de-
fendants Spectrum and Wueste in the Unit-
ed States District Court for the Eastern
District of Pennsylvania. The action
sought to recover the outstanding principal
balance, plus interest, owing on a loan
which Southeast Bank made to Spectrum.
Southeast Bank alleged that Spectrum and
Wueste, its president and sole shareholder,
were liable on the basis of common law
fraud, negligent misrepresentation, and
breach of various warranties. (D.I. 7, Ex.
A.)

On November 20, 1985, after a bench
trial on this matter, Judge McGlynn of the

1. In assaying a motion for summary judgment,
a court is required to view the facts in the light
most favorable to the non-moving party. *Good-
man v. Mead Johnson and Co.*, 534 F.2d 566, 573
(3d Cir.1976), *cert. denied*, 429 U.S. 1038, 97
S.Ct. 732, 50 L.Ed.2d 748 (1977). Here, there is
no dispute as to any material facts.

Eastern District of Pennsylvania entered judgment in favor of Southeast Bank and against defendants Spectrum and Wueste for the amount of $4,628,304. (*Id.*) Defendants Spectrum and Wueste have appealed the Eastern District of Pennsylvania judgment obtained against them to the United States Court of Appeals for the Third Circuit, where a decision is currently pending. (D.I. 9, Ex. A.) On January 24, 1986, Judge McGlynn also issued an injunction against Spectrum and Wueste, prohibiting them from transferring any interest in real property, including the Delaware property which is involved in Count II of the complaint in this action. (*Id.*, Ex. I.)

By this motion, Fidelity seeks partial summary judgment on Count I of its complaint and entry of a Rule 54(b) certification of final judgment on Count I. Defendants Spectrum and Wueste oppose the grant of summary judgment on Count I to Fidelity on the grounds that a judgment creditor (Fidelity) cannot maintain an independent action on a federal judgment when that judgment is on appeal. Although plaintiff's motion is predicated only on Count I, defendants have requested, in the alternative, a stay of these proceedings pending a decision by the Third Circuit of their appeal of the Eastern District of Pennsylvania judgment.

## MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT I

■ To prevail on a motion for summary judgment under Fed.R.Civ.P. 56(c), the moving party must demonstrate that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *See, e.g., Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *EEOC v. Westinghouse Electric Corp.,* 725 F.2d 211, 218 (3d Cir.1983), *cert. denied,* — U.S. —, 105 S.Ct. 92, 83 L.Ed.2d 38 (1984). There are no material facts in dispute in this case. Rather, grant or denial of summary judgment turns on the legal issue of whether Fidelity can maintain an

action in the District of Delaware on a judgment rendered in the Eastern District of Pennsylvania while the Pennsylvania judgment is still on appeal. The Court has determined that summary judgment is appropriate because Fidelity is permitted to maintain an independent action on a federal judgment while that judgment remains on appeal.

At least two circuit courts have considered this question and concluded that an independent action may be brought on a judgment while that judgment remains on appeal. In *Hunt v. Liberty Lobby, Inc.,* 707 F.2d 1493 (D.C.Cir.1983), the United States Court of Appeals for the District of Columbia held that an action to obtain a judgment in the District Court for the District of Columbia on a civil judgment obtained in another federal district court is permissible to support a judgment creditor's attempt to levy execution on a judgment debtor's assets located in the District of Columbia. In so ruling, the D.C. Circuit relied on the well-settled federal law that the pendency of an appeal does not diminish the *res judicata* effect of a judgment rendered by a federal court. *See Huron Holding Co. v. Lincoln Mine Operating Co.,* 312 U.S. 183, 188–89, 61 S.Ct. 513, 515–16, 85 L.Ed. 725 (1941); *Reed v. Allen,* 286 U.S. 191, 199, 52 S.Ct. 532, 533, 76 L.Ed. 1054 (1932). The *Hunt* court also expressly relied on its decision in *In Re Professional Air Traffic Controllers Organization (PATCO),* 699 F.2d 539 (D.C. Cir.1983), where the court expressly noted that "an independent action on a judgment may be commenced in the face of a pending appeal." *Id.* at 544.

The United States Court of Appeals for the Eleventh Circuit also reached a similar conclusion in *Urban Industries, Inc. v. Thevis,* 670 F.2d 981 (11th Cir.1982). Nonetheless, with no authority supporting their position, Spectrum and Wueste argue that granting Fidelity summary judgment on Count I would have the effect of circumventing the registration of judgments pro-

vision found in 28 U.S.C. § 1963.[2] Because Spectrum and Wueste have appealed the decision emanating from the Eastern District of Pennsylvania, Fidelity is prevented, by the terms of section 1963, from registering its judgment in this district. Spectrum and Wueste contend, nevertheless, that section 1963 prevents independent actions to enforce judgments on appeal.

This argument was confronted and rejected by both the D.C. Circuit and the Eleventh Circuit. The *PATCO* court observed that "registration does not displace the traditional route to enforcement of a judgment outside the territorial limits of the court in which the judgment was rendered." 699 F.2d at 544. *Thevis* also correctly noted that section 1963 was enacted "to provide a prompt, efficient, and inexpensive means of enforcing final federal judgments. [Section 1963] is, however, an alternative method of enforcement." 670 F.2d at 985.

Both the D.C. Circuit and the Eleventh Circuit expressly agreed with Professor Moore's position on this question:

> Section 1963 provides a cumulative remedy. It does not prevent a judgment creditor from bringing an independent action on his judgment. And it may be advantageous for him to do this where the original judgment is not registrable due to the fact that it has not become final by appeal or expiration of the time for appeal.

7B J. Moore, Moore's Federal Practice ¶ 1963 (2 ed. 1986).

Because there is no dispute as to any material facts in this case, and because the Court resolves the conflict of legal principles in Fidelity's favor, partial summary judgment will be granted to Fidelity and against Spectrum and Wueste on Count I.

### DEFENDANTS' REQUEST FOR A STAY OF THE PROCEEDINGS

Even though the Court will grant summary judgment to Fidelity on the independent action brought in this district, the Court still has the option of exercising its discretion to stay this action pending resolution of the appeal before the Third Circuit. A stay could prevent what the D.C. Circuit has termed the "complicated unraveling," *PATCO*, 699 F.2d at 544, that might become necessary if Judge McGlynn's decision is overturned by the Third Circuit.

■ With respect to Count I, there is apparently no property owned by Spectrum or Wueste individually which is located in this district. Therefore, since there are no assets for Fidelity to execute on at this time, there are no proceedings to stay with respect to Count I. The only property in this district connected to the defendants is the real estate located in Sussex County in the name of Wueste and his wife Paskal, which is the subject of the fraudulent conveyance charge in Count II.

■ The Court finds that, with respect to Count II, discovery should go forward because defendants have not shown any likelihood of success on the Third Circuit appeal to warrant granting a stay on Count II. While there exists a possibility of unnecessary discovery regarding the conveyance by Wueste to himself and his wife as tenants by the entirety if Judge McGlynn is reversed, discovery should not be all that extensive on this issue. Moreover, assuming Judge McGlynn is affirmed, Fidelity will be aided by denying defendants' request for a stay because Count II will be moving ahead towards trial.

The Court is also of the view that policy considerations militate in favor of denying the stay. If defendants in these situations could obtain stays without any showing of the likelihood of prevailing on appeal, and

---

**2.** Section 1963 provides in pertinent part:

**Registration in Other Districts.** A judgment in an action for the recovery of money or property now or hereafter entered in any district court which has become final by appeal or expiration of time for appeal may be registered in any other district by filing therein a certified copy of such judgment. Judgments so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

without posting a supersedeas bond, defendants could frustrate the prosecution of independent actions simply by filing an appeal. On the record before the Court, defendants have made no showing that warrants the discretionary issuance of a stay. Accordingly, the Court will decline to issue a stay of these proceedings and this case should move forward on Count II.

### MOTION FOR CERTIFICATION OF FINAL JUDGMENT PURSUANT TO RULE 54(b)[3]

The parties have left the Court somewhat in the dark with respect to plaintiff's motion for certification of the partial summary judgment here entered. Although Fidelity moved for a Rule 54(b) certification on Count I, it failed to address this issue in any form at oral argument. Even more paradoxically, the defendants did not address this issue in their opposing brief or at oral argument. In *Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 364 (3d Cir.1975), the Third Circuit compiled some of the decisive factors underlying a Rule 54(b) certification decision:

> (1) The relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in a district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expenses, and the like.

Here, the only factor potentially militating in favor of a Rule 54(b) certification relates to any prejudice Fidelity would suffer on its ability to collect on its judgment. However, since the defendants' only property in this district is the Sussex County real estate which is subject to the fraudulent conveyance charge in Count II, the Court cannot discern any prejudice to Fidelity by delaying an entry of final judgment on Count I. Because Fidelity has not proffered any arguments why it would be prejudiced if its partial summary judgment motion is not certified, the Court is loath to issue a Rule 54(b) certification. Fidelity has made no showing that "there is no just reason for delay." Indeed, it appears by its lack of advocacy that Fidelity has abandoned its Rule 54(b) motion. Accordingly, Fidelity's motion for certification of final judgment will be denied.

An order will be entered in accordance with this Memorandum Opinion.

---

**3.** Fed.R.Civ.P. 54(b) provides in pertinent part: **Judgment Upon Multiple Claims Or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or a third-party claim ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.